**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2078**

BI RU LIN,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 12, 2013        Decided: April 9, 2013

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gregory Marotta, LAW OFFICE OF RICHARD TARZIA, Belle Mead, New Jersey, for Petitioner. Stuart F. Delery, Principal Deputy Assistant Attorney General, Blair T. O'Connor, Assistant Director, Remi Da Rocha-Afodu, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bi Ru Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's decision denying Lin's requests for asylum, withholding of removal, and protection under the Convention Against Torture.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings concerning the credibility of witnesses, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This Court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum

2

is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the agency's finding that Lin failed to meet her burden of establishing a well-founded fear of persecution based on the birth of her United States citizen children. In particular, we observe that the Board was entitled to give significant weight to the State Department's China: Profile of Asylum Claims and Country Conditions, in which the State Department concluded that children born overseas are not counted for birth planning purposes when their parents return to China, and returning families face, at worst, fines or economic penalties.[1] We therefore uphold the denial of Lin's requests for asylum and withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is

---

[1] We also agree with the Board that the record does not support a finding that Lin would be fined in an amount that would constitute persecution or that she would be persecuted for non-payment of such a fine.

3

ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)."). [2]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

PETITION DENIED

---

[2] Lin has failed to raise any challenges to the denial of her request for protection under the Convention Against Torture. She has therefore waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).